ARCHIBALD T. FINN *v.* ALEXANDER H. GUSTIN and three others.

Where two joint makers and two joint endorsers of a promissory note are sued in one action; the makers are competent witnesses for the endorsers and the endorsers for the makers, but neither can testify in behalf of a co-defendant jointly liable with himself.

APPEAL by the defendants from the Marine Court.

*Edwin R. Bogardus,* for the defendants.

*Wm. C. Barrett* and *James B. Brinsmade, Junior,* for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The defendants are prosecuted in one action as the makers and endorsers of a promissory note. The defence was want of consideration and usury.

Upon the trial of the cause the defendants' counsel offered

one of the endorsers, who was also a defendant, as a witness for his co-endorser, and also for the makers, and proposed to prove by him that the makers received no consideration for the note, and also the usury as charged in the answer.   The judge excluded the testimony of this witness, on the ground that the evidence tended to establish a defence of which the co-defendant could not separately avail himself.   He was afterwards suffered to testify as to the want of consideration received by the maker, but not as to the usury.

One of the endorsers was called for the same purpose, and the testimony excluded, because it would enure to his own benefit.   One of the makers of the note was then offered as a witness for the endorsers, and he was excluded for the same reason.

Before the adoption of the Code, and after the passage of the statute allowing all parties to a note to be joined in an action as defendants, it was always permitted to call any of the parties as witnesses for their co-defendants, except in case of a joint liability.   Thus, an endorser was always a good witness for the maker, and a maker for the endorser, notwithstanding they were all sued as parties to the note, except in those cases where they were excluded on the ground of interest.

They were admissible for each other, although co-defendants, in all cases where the testimony was admissible, if the parties had been sued separately.   This right was secured by statute.   (2 R. S. 352 ; *Miller* v. *McCogg*, 4 Hill, 35.)

The Code has made no change in this rule, except to abolish the objection which existed as to interest in a witness, and thereby extended, instead of limiting, the rule above stated.

The ground of objection, on the part of the court below, seems to be, that the co-endorser or co-maker could derive benefit from the evidence to be given.   This is not so.   Two classes of defendants were embraced in one action—two makers and two endorsers, on the same note; either of the makers was admissible as a witness for the endorsers, and

either of the endorsers for the makers.   The evidence was to be confined by the court to the party who had a right to its admission.   The testimony of an endorser was no more available to his co-endorser than to himself; and a verdict upon such evidence might have been rendered in favor of the makers and against the endorsers.

These questions were fully discussed in the opinion of Mr. Justice Parker, in *Beal* v. *Finch*, 1 Kernan, 128, although, as that was a case of tort, it was not necessary to explain those provisions as relating to contract.

There is nothing in the 397th section of the Code affecting this rule.   That section provides that a party may be examined on behalf of his co-plaintiff or co-defendant, as to any matter in which he is not jointly interested, and as to which a separate verdict can be rendered.

The rule, as I have above stated it, fully complies with this provision.   As to the defendant with whom the defendant offered as a witness was jointly liable, the evidence is not admissible; as to the others it is, and the verdict must be regulated accordingly.

In both instances the court below erred, and the judgment must be reversed.

Judgment reversed.